IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Oscar Manzano, Cynthia Moreno, Nikhilesh Sharma and Odinaka Amadi<br><br>Plaintiffs,<br><br>v.<br><br>Enhance IT, LLC; Mobile Apps Enterprises, LLC; Vikram G. Thadani; Erik Balkan; and Siddarth Amin,<br><br>Defendants. | CIVIL ACTION NO.:<br>1:22-cv-04769-SEG |

**Defendants' Response to Motion For Mandatory Injunction**

Having already consented to Defendants' request to compel arbitration on an individual basis, Plaintiffs now ask the Court to order "class-wide" relief. Specifically, they ask this Court to have Defendants and non-Defendants send an order to all former and current employees, advising these individuals that confidentiality provisions in employment agreements they purportedly executed "are not enforceable." (Doc. 23, p. 16). They premise their request on the baseless allegation that "there is a high risk that Plaintiffs' efforts to investigate this case will be compromised." (*Id.*, p. 6).

In requesting this relief, Plaintiffs circumvent (1) the arbitration and class waiver provisions to which they are subject; (2) Georgia's Restrictive Covenant

1

Act; (3) NLRB procedure; and (4) standing and ripeness requirements. In short, what Plaintiffs seek is improper and contrary to established law. As discussed more fully below, Plaintiffs' *frivolous* motion must be denied.

**A. The Court Is Precluded From Determining Whether Plaintiffs May Seek The Instant Relief**

Plaintiffs already consented to Defendants' request to compel arbitration on an individual basis, "because any challenge to the enforceability of the relevant arbitration agreement must be made before the arbitrator." (Doc. 20, p. 1). In relevant part, the parties' Arbitration Provision states that the arbitration "shall be submitted to and be finally resolved by arbitration, to be conducted by the American Arbitration Association ("AAA"), with such arbitration to be held in Atlanta, Georgia in accordance with the AAA's Commercial Arbitration Rules[1] then in effect." (Doc. 18, Ex. 1, Balkan Decl. Exhs. A-D).

As Plaintiffs concede (Doc. 20, p. 4), the Eleventh Circuit uniformly holds that incorporation of AAA Rules into an agreement to arbitrate clearly and unmistakably removes arbitrability determinations from the court's purview.

---

[1] The AAA rules provide that: "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." (Doc. 18, Ex. 2, p. 13, R-7(a)).

2

*Larsen v. In re Checking Account Overdraft Litig. (Citibank FSB)*, 856 F. App'x 238, 244 (11th Cir. 2021); *Spirit Airlines, Inc. v. Maizes*, 899 F.3d 1230, 1233 (11th Cir. 2018); *U.S. Nutraceuticals, LLC v. Cyanotech Corp.*, 769 F.3d 1308, 1311-12 (11th Cir. 2014). Moreover, this Court holds that the scope of the issues for the arbitrator to consider includes Plaintiffs' instant request for injunctive relief. *Cellairis Franchise, Inc. v. Duarte*, No. CV 2:15-CV-00101-WCO, 2015 WL 11422299, at *7 (N.D. Ga. July 20, 2015) (emphasis supplied) ("Questions of arbitrability and the merits of any dispute must be initially handled by the arbitrator. **Plaintiffs cannot reassign preliminary relief determinations from arbitration to this court by casting their request as interim relief pending arbitration**."); *Cloudera, Inc. v. Databricks, Inc.,* No. 1:21-CV-00108-ELR, 2021 WL 1846578, at *5 (N.D. Ga. Feb. 18, 2021) (same).

In *Cellaris*, for example, the plaintiff employer brought a claim for preliminary injunctive relief against their former employee, seeking to enforce non-compete and confidentiality provisions contained in a restrictive covenant agreement. The former employee moved to compel arbitration pursuant to an arbitration provision in that same agreement. The arbitration provision incorporated the AAA rules and, further, expressly stated that the companies may seek *in court* "injunctive or other equitable relief to enforce the provisions of this

agreement." *Cellaris*, 2015 WL 11422299, at *2. Based on this carve-out, the employer contended it was expressly allowed to seek preliminary injunctive relief. *Id*. at *3. The Court disagreed.

The *Cellaris* Court recognized that, because the arbitration provision incorporated AAA's rules, it "clearly and unmistakably remove[d] arbitrability determinations from the court's purview." *Cellaris*, 2015 WL 11422299, at *6 (citing *U.S. Nutraceuticals*, 769 F.3d at 1311-12). Because the parties delegated questions of arbitrability to the arbitrator, the scope of the carve-out provision [allowing for preliminary injunctive relief in a court] "constitutes an arbitrability determination." *Id*. The Court then held:

> The Court can define the scope of an arbitration clause only if the court has the authority to make arbitrability determinations. **Because the parties . . . agreement incorporates the AAA rules, the court is precluded from determining whether plaintiffs may bring the claims [seeking injunctive relief] in court.** [cite omitted]. Therefore, the court finds that *all* of plaintiffs' claims must be first presented in arbitration; the arbitrator must determine whether plaintiffs may bring their claims for injunctive and equitable relief under the opt-out provision in the arbitration clause . . . Questions of arbitrability and the merits of any dispute *must* be initially handled by the arbitrator. Plaintiffs cannot reassign preliminary relief determinations from arbitration to this court by casting their request as interim relief pending arbitration.

*Id*. at *6 – 7 (emphasis supplied).

So, too, in *Cloudera*, the plaintiff sought to prohibit the defendant, a former employee, from using its confidential and trade secret information. It filed a

4

motion for a temporary restraining order and preliminary injunction. In response, the defendant employee filed a motion to enforce the arbitration provision contained in the agreement. Like in *Cellaris*, the arbitration provision contained a carve-out allowing the employer to seek preliminary injunctive relief and it also incorporated JAMS' arbitration rules (which, like AAA's rules, state that disputes over the formation, existence, validity, interpretation and scope of the agreement are to be decided by the arbitrator). *Cloudera*, 2021 WL 1846578, at *3-4.

As in *Cellaris*, the *Cloudera* Court held that the delegation provision in the arbitration clause dictated "that gateway questions -- including those regarding the 'interpretation or scope of the agreement' -- are to be decided by the arbitrator . . . [t]herefore, the Court reserves Plaintiff's question regarding the carve-out provision [allowing for injunctive relief] to the arbitrator . . . ." *Cloudera*, 2021 WL 1846578, at *5.

*A fortiori*, in the instant case, where there is **no** provision allowing Plaintiffs to seek injunctive relief in court, whether the confidentiality provision contained in the employment agreements that Plaintiffs executed are enforceable are "scope" issues that must be reserved for the arbitrator.

### B. **Plaintiffs' Instant Request For Relief Is Barred by the Class/Collective Action Waiver**

Plaintiffs each executed Employment Agreements containing a class/collective action waiver which states, in relevant part, that the arbitration:

> shall proceed solely on an individual basis without the right for any claims to be arbitrated on a class action basis or on bases involving claims brought in a purported representative capacity on behalf of others. The arbitrator's authority to resolve and make written awards is limited to claims between Employee and the Company alone. Claims may not be joined or consolidated unless agreed to in writing by all parties. BY INITIALING BELOW, EMPLOYEE KNOWINGLY AND VOLUNTARILY WAIVES THE RIGHT TO PARTICIPATE IN A CLASS OR COLLECTIVE ACTION AGAINST THE COMPANY, CONSISTENT WITH THIS PARAGRAPH, AND AGREES THAT EMPLOYEE WILL NOT SERVE AS A CLASS OR COLLECTIVE ACTION REPRESENTATIVE OR NAMED PARTY AGAINST THE COMPANY IN ANY ARBITRATION OR LITIGATION.

(Doc. 18, Ex. 1, Balkan Decl. Exhs. A-D).

Despite conceding they "do not oppose Defendant's request to compel arbitration on an individual basis at this time," (Doc. 20, p. 1), Plaintiffs now ask the court to issue a "mandatory injunction" requiring Defendants "to provide a written notice to all current and former employees . . . informing them that they cannot be prohibited from providing such information to third parties." (Doc. 23, p. 7). More specifically, on behalf of a class of all former and current employees, Plaintiffs move the Court to require Defendants to advise these individuals "that such confidentiality provisions are not enforceable." (Doc. 23, p. 16). This request

6

is an end-run around the requirement that each Plaintiff "proceed solely on an individual basis" and that their claims "may not be joined or consolidated."

Plaintiffs have not and cannot dispute that the prohibition on seeking class or collective relief is valid and enforceable, whether in the context of arbitration or litigation. *Jenkins v. First Am. Cash Advance of Ga., LLC*, 400 F.3d 868, 878 (11th Cir. 2005) (determining that a class action waiver had no effect on the substantive rights of the parties and therefore the waiver was valid); *Bailey v. Vulcan Materials Co.*, No. 1:21-CV-0998-MHC, 2021 WL 5860743, at *3 (N.D. Ga. Nov. 16, 2021) (upholding class/collective action waiver outside of arbitration context, reasoning "[w]hile Plaintiffs are correct in stating that a vast majority of cases that address class action waivers do appear within the context of arbitration agreements, there is no logical reason to distinguish a waiver in the context of an arbitration agreement from a waiver in the context of any other contract."). Thus, Plaintiffs are prohibited from joining together to seek the relief they now seek – an order that the confidentiality provisions in others' (former and current employees) agreements are unenforceable.

### C. Georgia's Restrictive Covenant Act Expressly Allows Confidentiality Provisions

Plaintiffs seek to have this Court declare that "confidentiality provisions are not enforceable." (Doc. 23, p. 16). What Plaintiffs seek directly contradicts Georgia law.

Georgia's Restrictive Covenant Act ("RCA"), O.C.G.A. § 13-8-50 *et seq*, expressly addresses the use of confidentiality provisions. "Confidential Information" is information relating to the business of the employer, of which the employee became aware as a consequence of the employee's relationship with the employer, has value to the employer, is not generally known by the employer's competitors, and which includes "methods of operation . . . **personnel data**, and similar information." O.C.G.A. § 13-8-51(3) (emphasis supplied). The RCA states that a confidentiality provision need not have a time or territorial restriction to be enforceable. O.C.G.A. §13-8-53(e).

Plaintiffs' Employment Agreements contain a Confidentiality provision that **mirrors** the RCA. (Doc. 18, Ex. 1, Balkan Decl. Exhs. A-D, ¶4). This is the same exact Confidentiality provision Plaintiffs seek to declare unenforceable. (Doc. 23-5, ¶4). That provision states "Confidential Information" "is defined in O.C.G.A. §13-8-51(3)" and means "data and information relating to the Firm's business . . . which includes . . . methods of operation . . . personnel data, internal company

8

emails, and similar information." *Id*. In other words, it directly excerpts from the RCA.

There is no legal basis to hold the Confidentiality provision unenforceable. It complies with the four corners of Georgia law. Because the relief Plaintiffs seek violates Georgia law, Plaintiffs' instant motion must be denied.

### D. **Plaintiffs' Requested Relief Is Barred By The Applicable Limitations Period**

Plaintiffs argue that the confidentiality provisions are unenforceable because they are "a prohibited act under Section $8^2$ of the National Labor Relations Act" and cite, *inter alia*, a recent NLRB decision for the proposition (Doc. 23, pp. 7-8). They want to have all confidentiality provisions in employment agreements into which employees and former employees have entered for the past five years to be declared unenforceable. (Doc. 23, p. 16). Their requested relief is time-barred.

Here, where Plaintiffs seek to have the confidentiality provisions in agreements declared an unfair labor practice, the six-month statute of limitations established in Section 10(b) of the NLRA applies. In relevant part, that provision states "[t]hat no complaint shall issue based upon any unfair labor practice

---

[2] Section 8(a)(1) of the Act makes it an unfair labor practice for an employer "to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in Section 7" of the Act.

occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made . . . ." 29 U.S.C. § 160(b).

When a plaintiff does not file and serve a complaint within six months of any unfair labor practice, that claim is time-barred. *See, e.g., Simon v. Kroger Co.*, 743 F.2d 1544, 1546 (11th Cir. 1984) ("it is undisputed that the complaints in question were filed but not served within the applicable six-month period . . . Accordingly, we hold that the district court correctly concluded that Simon's complaint, served outside of the six-month limitations period, was time barred under 29 U.S.C.A. § 160(b).")

Here, there has been no charge filed with the NLRB and, moreover, the provisions they seek to declare unenforceable are in agreements entered into far outside the six-month filing and service requirement. Thus, they are time-barred.

### E. The Confidentiality Provisions Don't Violate the FLSA

Plaintiffs also assert that the Confidentiality Provisions violate the FLSA. (Doc. 23, pp. 8-9) They cite an 8th Circuit decision for the proposition that you cannot retaliate against someone who asserts a wage-hour claim, but fail to connect the case to their fabricated proposition that confidentiality provisions in employment agreements are unenforceable. Then, they cite *Lynn's Food Stores,*

*Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1983), but *Lynn's Food*, too, has nothing to do with Plaintiffs' argument. The Confidentiality provisions in no way violate the FLSA.

### F. Plaintiffs Have No Standing To Seek The Instant Relief

To buttress their request to declare the confidentiality provisions in 5 years' worth of Employment Agreements unenforceable, Plaintiffs present the following "evidence": (1) Defendants have sued hundreds of their own employees, although there is no evidence that any of the lawsuits had anything to do with breach of the confidentiality provisions; (2) Defendants warned two of the Plaintiffs (Manzano and Moreno) of the consequences of violating their confidentiality provision during their training in June 2022; and (3) Defendant Amin attempted to negotiate a settlement with Plaintiff Sharma that contained a confidentiality provision. (Doc. 23, pp. 4-6, Exhs. 3,4, 6-7). According to Plaintiffs, this evidence demonstrates that "there is a high risk that Plaintiffs' efforts to investigate this case will be compromised" and, thus, this is the reason they seek the mandatory injunction. (Doc. 23, pp. 6-7).

First, there is *no* evidence that Defendants ever have sought to enforce the confidentiality agreements, in the lawsuits identified on Exhibit 3, against Plaintiffs or otherwise. Second, Defendants' alleged warning to Moreno and

Manzano during training in June 2022 about not disclosing the company's confidential information is factually and temporally disconnected to any "high risk" that Plaintiffs' current investigation efforts in this case may be compromised. Finally, whether Defendant Amin attempted to negotiate a resolution with Sharma is also untethered to Plaintiffs' current investigation efforts. In short, Plaintiffs have shown no factual or legal basis for seeking the instant "mandatory injunction."

"To allege a justiciable cause of action, a plaintiff must plead facts that are sufficient to confer standing and demonstrate that the claim is ripe for determination." *Dormer v. Miami–Dade County*, 599 F.3d 1217, 1220 (11th Cir. 2010). Standing requires a plaintiff to provide evidence of an injury in fact, causation and redressibility. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). That is, "a party seeking to invoke a federal court's jurisdiction must demonstrate three things: (1) injury in fact, by which we mean an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct, by which we mean that the injury fairly can be traced to the challenged action of the defendant, and has not resulted from the independent action of some third party not before the

court; and (3) a likelihood that the injury will be redressed by a favorable decision, by which we mean that the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative." *Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville, Fla.*, 508 U.S. 656, 663–64 (1993) (internal citations and quotations omitted).

In the context of injunctions, because they "regulate future conduct, a party has standing to seek injunctive relief only if the party alleges ... a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir.2001)). Here, Plaintiffs provide no evidence that they -- let alone others -- are about to suffer any actual or imminent threat of harm, let alone any causal relationship between a potential injury (the ability to speak with potential witnesses) and the confidentiality provisions. This is not enough to establish an injury in fact. Moreover, absent a credible threat of prosecution, the claim is also not ripe. *Dormer*, 599 F.3d at 1220. For these additional reasons, Plaintiffs requested relief must be denied.

## **CONCLUSION**

Defendants respectfully request that the Court deny Plaintiff's requested relief. Defendants further request that the Court sanction Plaintiffs and their

counsel for harassing Defendants, causing unnecessary delay and needlessly increasing the cost of litigation, and asserting claims and other legal contentions that are not warranted by existing law.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel for Defendants certify that the foregoing has been prepared in Times New Roman, 14-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

DATED this 24th day of March, 2023.

| | |
|---|---|
| FORD & HARRISON LLP<br>271 17th Street, NW<br>Suite 1900<br>Atlanta, GA  30363<br>Telephone: (404) 888-3874<br>Facsimile:  (404) 888-3863 | */s/ Jeffrey D. Mokotoff*<br>Jeffrey D. Mokotoff<br>Georgia Bar No. 515472<br>jmokotoff@fordharrison.com<br>Leslie B. Hartnett<br>Georgia Bar No. 236877<br>lhartnett@fordharrison.com<br><br>- And – |
| Gordon & Rees Scully Mansukhani<br>55 Ivan Allen Jr. Blvd., NW<br>Suite 750<br>Atlanta, GA  30308<br>Telephone No.: 404-869-9054<br>Facsimile No.:  678-389-8475 | */s/ Chad A. Schultz*<br>Chad A. Schultz<br>Georgia Bar No.<br>cshultz@grsm.com<br><br>Attorneys for Defendants |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| Oscar Manzano, Cynthia Moreno, Nikhilesh Sharma and Odinaka Amadi<br><br>Plaintiffs,<br><br>v.<br><br>Enhance IT, LLC; Mobile Apps Enterprises, LLC; Vikram G. Thadani; Erik Balkan; and Siddarth Amin,<br><br>Defendants. | CIVIL ACTION NO.:<br>1:22-cv-04769-SEG |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 24th, 2023, a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO MOTION FOR MANDATORY INJUNCTION** was electronically filed with the Clerk of Court using the CM/ECF System which will automatically send e-mail notification to the attorneys of record:

Matthew W. Herrington
Charles R. Bridgers
Delong, Caldwell, Bridgers,
Fitzpatrick & Benjamin, LLC
101 Marietta Street NW, Suite 2650
Atlanta, GA 30303

| | |
|---|---|
| FORD & HARRISON LLP<br>271 17th Street, NW<br>Suite 1900<br>Atlanta, GA  30363<br>Telephone: (404) 888-3874<br>Facsimile:  (404) 888-3863 | */s/ Jeffrey D. Mokotoff*<br>Jeffrey D. Mokotoff<br>Georgia Bar No. 515472<br>jmokotoff@fordharrison.com<br>Leslie B. Hartnett<br>Georgia Bar No. 236877<br>lhartnett@fordharrison.com<br><br>Attorneys for Defendants |

WSACTIVELLP:13870422.1